IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
DEC X 1 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Dallas Buyers Club, LLC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. |
| ) | 1:14-cv-07044 |
| ) | |
| Does 1-56 ) | |
| ) | |
| Defendants ) | |

**MOTION FOR LEAVE TO FILE UNDER SEAL and FOR AN EXTENSION OF TIME**

I, as the single member of Audio Specialists, LLC Eidietis, *pro se*, wish to contest the subpoena file against Comcast for my identity. I attach a copy of the materials I received from Comcast. I am associated one of the IP Addresses highlighted, which is 50.196.196.1.

Although I want to quash the subpoena, I do not want to reveal my identity in the process.

I believe the subpoena should be quashed because the Plaintiff has failed to exercise due diligence in distinguishing proper from improper claims. Apparently, the Plaintiff resorts to a shotgun approach because it lack proper standards, procedures, and/or equipment to distinguish between proper and improper claims. Before a subpoena like the one sent to Comcast for my identity should issue or be enforced, the Plaintiff should be required to make a showing in Court that it has access to the technology and equipment and has used the same properly before

Page 1 of 3

filing an action against 56 John Does. During the showing by the Plaintiff or soon thereafter, the Court should determine if the due process rights of the 56 John Does are being protected or if the Plaintiff is engaging in an abuse of judicial process. As part of the showing process, the Court should also make inquiry as to the number of lawsuits the Plaintiff has filed and the results in those lawsuits.

The day in question, according to the listing attached to the subpoena, was a Sunday. My business is closed on Sundays. I have interviewed each of my employees, and each one denies entry into my business on the Sunday in question or otherwise, somehow, use my IP address to download anything. Therefore, I conclude that Plaintiff's system and tactics are fraught with error.

Also I do not understand how or why I may find myself in Court in Illinois. I neither live in Illinois nor do substantial business in Illinois. At a minimum I think I should be allowed to Defend myself in the Federal Court in South Bend.

I do not know how long it will take the Court to respond to this Motion. The letter I received from Comcast, copy enclosed, indicates that I must file something by December 9, 2012. I would like until January 9, 2015 to respond to the subpoena given the fact that the holidays are approaching which is typically I busy time for my business.

I attach a very short Memorandum of Law.

I understand that *Pro Se* litigants are required to follow the same rules and procedures as litigants represented by attorney. I will abide by these rules as best as I can, and I am in the process of becoming familiar with these rules.

In summary, the subpoena seeks my identity, but I think I should be able to against that disclosure without, at the same time, disclosing my identity to the Plaintiff. For that reason I ask that I be able to identified, at least temporarily, as "John Doe: 50.196.196.1". However, I don't know how I can receive mail without revealing my identity, and I seek direction from the Court as to how that is done.

Dated: 11-26-14

_____
Audio Specialists, LLC, by
Bruno Eidietis
52139 State Road 933
South Bend, IN 46637-3847


**COMCAST**

NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

November 10, 2014

*Personal and Confidential*

*Via UPS & USPS Delivery*

AUDIO SPECIALIST
52139 STATE ROAD 933
SOUTH BEND, IN 46637-3847

    Re:   *Dallas Buyers Club, LLC v. Does 1-56*
            United States District Court for the Northern District of Illinois
            Docket No.: 1:14-cv-07044
            Order Entered: October 16, 2014
            Comcast File #: 592076

Dear Sir/Madam:

    Dallas Buyers Club, LLC has filed a federal lawsuit in the United States District Court for the Northern District of Illinois. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing Dallas Buyers Club, LLC's copyrights on the Internet by uploading or downloading content without permission. This was allegedly done using a device assigned the IP address 50.196.196.1 on 04/20/2014 01:37:27 PM GMT. The court has ordered Comcast to supply your name, address and other information to Dallas Buyers Club, LLC in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 1:14-cv-07044 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

    Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than December 9, 2014**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than December 9, 2014. Please note that Comcast cannot accept or file any legal action on your behalf.** If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

    If you have legal questions about this matter, please contact an attorney.

                              Sincerely yours,

                              Comcast Legal Response Center

Attachments:    Copy of Subpoena and Court Order regarding civil action

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| DALLAS BUYERS CLUB, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 14-cv-7044 |
| DOES 1-56 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: Comcast Cable Holdings, LLC, c/o The Corporation Company, 600 S. Second Street, Suite 103, Springfield, IL 62704

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions of the attached Order, provide the name and current address of the person whose IP address is listed in the attached spreadsheet. We will provide data to you in the most efficient and cost-effective format if you inform us of your preferred format.

| Place: Hughes Socol Piers Resnick & Dym, Ltd. 70 West Madison Street, Suite 4000 Chicago, IL 60602 | Date and Time: 11/21/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: *October 21, 2014*

CLERK OF COURT

_____        OR    _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Dallas Buyers Club, LLC                                          , who issues or requests this subpoena, are:
Michael A. Hierl, Hughes Socol Piers Resnick & Dym, Ltd., 70 West Madison Street, Suite 4000, Chicago, IL 60602; mhierl@hsplegal.com; (312) 604-0067

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 14-cv-7044

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Case: 1:14-cv-07044 Document #: 12 Filed: 10/16/14 Page 1 of 1 PageID #:79

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

Dallas Buyers Club, LLC

        Plaintiff,

v.

Case No.: 1:14-cv-07044
Honorable Rebecca R. Pallmeyer

Does 1-56

        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 16, 2014:

    MINUTE entry before the Honorable Rebecca R. Pallmeyer: Motion for leave to take discovery prior to Rule 26(f) conference [7] granted without an appearance. Mailed notice(etv, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

| IP Address | HitDate/Time (UTC) |
|---|---|
| 67.175.11.140 | 2014-04-30 10:13:31 AM |
| 67.186.99.207 | 2014-04-30 12:46:54 AM |
| 50.129.117.222 | 2014-04-29 09:13:56 PM |
| 71.194.177.110 | 2014-04-29 12:18:24 AM |
| 50.158.133.56 | 2014-04-28 04:05:35 AM |
| 71.201.141.249 | 2014-04-27 10:45:20 PM |
| 98.253.120.122 | 2014-04-27 10:30:26 PM |
| 50.129.145.105 | 2014-04-27 04:23:25 PM |
| 67.167.240.224 | 2014-04-27 12:21:52 PM |
| 24.15.92.116 | 2014-04-27 07:05:47 AM |
| 98.213.193.179 | 2014-04-26 09:17:26 AM |
| 98.206.8.211 | 2014-04-26 02:55:23 AM |
| 67.167.64.84 | 2014-04-25 08:48:29 PM |
| 23.25.52.209 | 2014-04-25 11:45:11 AM |
| 50.148.40.111 | 2014-04-24 11:23:27 PM |
| 71.194.235.254 | 2014-04-24 12:09:43 AM |
| 50.158.98.226 | 2014-04-23 10:40:06 PM |
| 50.178.9.160 | 2014-04-23 06:32:04 PM |
| 71.194.150.188 | 2014-04-23 04:45:44 PM |
| 50.129.132.98 | 2014-04-23 04:04:30 AM |
| 71.239.83.207 | 2014-04-23 01:27:06 AM |
| 67.175.64.25 | 2014-04-23 01:21:53 AM |
| 98.213.59.239 | 2014-04-22 05:27:14 PM |
| 71.239.184.150 | 2014-04-21 05:42:26 AM |
| 98.228.40.101 | 2014-04-21 05:04:08 AM |
| 98.213.240.106 | 2014-04-21 02:26:23 AM |
| 50.151.176.167 | 2014-04-21 12:31:37 AM |
| 69.245.250.52 | 2014-04-20 09:10:05 PM |
| 98.220.11.0 | 2014-04-20 03:31:57 PM |
| 50.196.196.1 | 2014-04-20 01:37:27 PM |
| 24.14.20.248 | 2014-04-20 05:15:49 AM |
| 71.194.151.113 | 2014-04-19 01:16:49 AM |
| 73.50.40.124 | 2014-04-18 03:24:08 AM |
| 98.253.34.57 | 2014-04-18 02:42:39 AM |
| 98.213.63.86 | 2014-04-17 09:31:48 PM |
| 98.253.118.31 | 2014-04-17 02:38:16 PM |
| 98.227.34.198 | 2014-04-17 08:13:58 AM |
| 173.15.0.17 | 2014-04-16 10:32:18 PM |
| 98.206.245.3 | 2014-04-16 06:56:48 PM |
| 73.50.12.68 | 2014-04-16 06:05:29 PM |
| 24.1.161.161 | 2014-04-16 04:26:41 AM |
| 69.245.247.244 | 2014-04-16 12:46:24 AM |
| 24.7.218.80 | 2014-04-14 10:11:09 PM |
| 98.227.117.11 | 2014-04-14 06:13:27 PM |
| 67.163.8.154 | 2014-04-14 01:01:39 AM |
| 71.194.111.100 | 2014-04-14 12:33:31 AM |

| IP Address | Timestamp |
|---|---|
| 67.184.16.119 | 2014-04-13 11:32:00 PM |
| 71.201.156.135 | 2014-04-13 06:22:04 PM |
| 98.213.252.187 | 2014-04-13 06:08:03 PM |
| 50.151.239.139 | 2014-04-13 07:51:31 AM |
| 50.129.147.87 | 2014-04-13 07:12:56 AM |
| 71.57.43.61 | 2014-04-13 03:14:27 AM |
| 50.129.119.34 | 2014-04-12 08:02:32 AM |
| 50.172.184.35 | 2014-04-12 12:58:21 AM |